Nash, J.
 

 On behalf of the defendant, it is contended that there has been no legal service of process in the case, and that, if there has been, this is not one of those inteiioctutory orders, from which, it was in the power of the court bel.ow to grant an appeal.
 

 The difficulty in this case arises under the 3rd and 4th sections of the 26th chapter of the Revised Statutes. The 3rd section pro vides,that when asummonsshall issue against any banking or other incorporated company, service on the President, or other head, or in his absence on the-Cashier or Treasurer, or in the absence of both the President or chief officer, and the Cashier and Treasurer, then., on any Director of such company, . such President or other, officer, being at the time of such service, in the county in which he usually resides, shall be deemed sufficient service of the summons. The 4th section directs, that suits in Equity against corporations shall commence by subpoena, and the service of such subpoena, and all interlocutory orders and decrees, shall be made in the same manner and under the same restrictions, as is provided for the service of a summons in a suit at law.
 

 In giving a construction to a statute, it is necessary to look to the Legislative will, as expressed in the act, if it can be as
 
 *473
 
 certained. It is evident, that both in the 3rd and 4th sections of the act, the object of the Legislature, was to facilitate the service of process, in cases against corporations. Instead, then, of the cumbrous mode of proceeding, known to the common law, the 3rd section substitutes a summons, and the individual, upon whom service is to be made, is pointed out.Thus, while the mode of commencing his proceedings is made1 easy to the citizen, the interest of the corporation is guarded. The individual who has been selected- by the stockholders to guard their interest, and to manage their affairs, the one, who' it is to be supposed will be the best acquainted with the transactions of the institution, and best capable of defending it when assailed, is first pointed out as the object of the service oí the notice, and after him, the officers next in dignity. But still farther to guard the corporation from vexatious and harrassing suits and actions, or rather to guard the several officers, it is provided, this notice shall not be served upon him wherever he may be found in the State, but in the county in which he resides at the time of the service.
 

 The 4th section places the service of the subpoena in Equity upon the same terms as a notice at law. We cannot, we1 think, with any propriety, give to these sections a literal exposition ; it would lead to absurdities* which ought to be avoided if it can be done without a manifest violation of the law. Take this case; a person is chosen as President of this corporation, who resides in the county of Caldwell, at the foot of the Blue ridge, he does not choose to remove his family to Wake county — he, as Mr. Wyche did, leaves his family at his then place of residence, and comes to Raleigh, where he attends1 day after day and month after month, to the business of the corporation, and at its office, where most of its business is transacted, and where its books and papers are kept. The act of ’44 requires a suit, instituted for the purposes for which this is, to be brought in the Superior Court of Wake. The process issues to Caldwell, where his family resides ; the President is not there; he is in Wake where his official duty calls him. No cashier, or treasurer, or stockholder,
 
 *474
 
 resides in Caldwell county. The sheriff, of course, returns no ProPer officer to be found in his county, upon whom the subpcBua can be served. From the next Term of the Court, subpoena issues to the Sheriff of W,alte; he goes to the office of the Rail Road Company; there he finds the President, but he cannot serve it upon him, because he is not in the county in which he resides. Must he then serve it upon a subordinate officer and return that he has so done, because the President could not be found, when he is actually in his presence. Again, the 4th sec. requires, not only that the subpoena must be served upon the President in the county in which he resides, but also, “every interlocutory order and decree.” Suppose the case fairly in court, and an interlocutory order requiring personal service be made; the President resides in Caldwell, but he is in Wake, not two hundred yards from the Court House, at the office of the company. According to the letter of the act, it cannot be served upon him until he returns to Caldwell. We cannot persuade ourselves, that such was the intention of the Legislature, but that they contemplated a service, either in the county in which he actually resided, or in the one, where was his official residence, where he carried' on and attended to the business of the corporation ; and that in this case, Mr. Wyche did officially reside in Wake, at the time the process was served upon him.
 

 The
 
 court
 
 is therefore of opinion, for the above reasons, that his Honor erred in ruling that the process had not been
 
 Well
 
 served.
 

 Í am of opinion that there was error for another reason. The corporation is the real defendant, 'and the requirements of the act, as to the mode and place of service, are bufdirectory to the officer, and when so made, the service is declared sufficient, and the 3rd section closes by enacting, on every summons “served as aforesaid, the officer making it, shall endorse distinctly, on whom the same hath been made or executed, otherwise such return shall not be deemed valid.” ' It is only then, when thé returning officer fails to state distinctly
 
 *475
 
 in his return, on whom he has served the process, that the Legislature has declared the service invalid.
 

 Here the officer has not erred in this particular, but has distinctly told us, on whom the process was served. To the vice oí the subpoena upon the officer out of the county, in which he resides, no such consequence is annexed. Such a service, therefore, cannot be treated as a nullity — as no service at all. The most that can be claimed is, that it is irregular, and, if so, sufficient to bring the defendant into court, and drive him to his plea. The act of 1782, Rev. Stat. ch. ,32, s. 4, requires, that a subpoena in Equity shall be served ten days before the sitting of the court, to which it is made returnable, and a copy of the bill be at the same time delivered to the defendant, on failure of any of which requisitions, the defendant may plead the matter in abatement, and the suit shall be dismissed.” Here is a plain direction given by the Legislature, as to the manner in which the defendant shall avail himself of a return irregular or defective in those matters. Anonymous case, 1 Hay. Rep. 331, Battle’s edition; and
 
 Worthington
 
 and
 
 Coltrane,
 
 2nd Car. L. Rep. 68. In these cases the court say, the plea in abatement is given by the act of 1782, to a person, upon whom an irregular service has been made, that is, a service written less than ten days before the return term. I conclude then, if a service within the ten days is irregular and not to be treated as a nullity, the service in this case is not a nullity, but requires a plea on the part of the defendant.
 

 Upon the ivhole, the court is of opinion, the judge erred in refusing to grant the motion of the plaintiff for a judgment
 
 pro confesso
 
 against the defendant.
 

 We are further of opinion, it was such an interlocutory order, as authorised the presiding judge in his discretion to grant, an appeal to this court. . The refusal of the motion "for a judgment
 
 pro confesso, was,
 
 in effect, putting the plaintiff’s case out of court, and subjecting him to pay the costs which had accrue^ up to that time. His
 
 interest
 
 therefore, was such as to entitle him to the exercise of the discretion, entrusted to the jddge by the law.
 

 
 *476
 
 We do not think that by the conversation in Granville, Mr. Wyche ihtended or did waive any right secured to him or to the corporation, which he represented, and that his subsequent conduct in refusing to accept service, was a departure from any principle of duty or propriety.
 

 The interlocutory order of his honor ought to be reversed, and this opinion must be certified to the Court of Equity of Wake county.
 

 Per Curiam, Ordered accordingly.